UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL GUNN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING [6] REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00836-DBB-DAO<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is United States Magistrate Judge Daphne A. Oberg's Report and Recommendation.[1] It recommends denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis (IFP).[2]

## BACKGROUND

Plaintiff brings an action alleging age discrimination under the Age Discrimination in Employment Act and disability discrimination under the Americans with Disabilities Act and the Vocational Rehabilitation Act.[3] Plaintiff alleges that Defendant Salt Lake City Corporation discriminated against him while he was employed as a watershed ranger.[4]

---

[1] R. & R. ("R&R"), ECF No. 6, filed December 3, 2025.
[2] *Id.* at 3.
[3] Compl. ¶ 1, ECF No. 1, filed September 23, 2025.
[4] *Id.* ¶ 1, 15.

**STANDARD**

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection.[5] This court "reviews unobjected-to portions of a report and recommendation for clear error."[6] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[7]

**DISCUSSION**

The Magistrate Judge recommends denying Plaintiff's motion to proceed IFP.[8] The Magistrate Judge noted that Mr. Gunn represented to the court that his lawyer is from a legal aid organization but the counsel of record is not from a legal aid organization.[9] The Magistrate Judge also noted that Mr. Gunn reported his monthly income as $17,625.[10] The Magistrate Judge ordered additional briefing from Mr. Gunn to "(1) explain his allegation that he is represented by a legal aid attorney, including identifying the legal aid attorney and case(s) in which he is represented, and (2) explain his inability to pay the filing fee if his income is $17,625 per month—or clarify if this figure is in error."[11] Mr. Gunn did not respond to the order. The

---

[5] Fed. R. Civ. P. 72(b)(3).
[6] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[7] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).
[8] R&R at 3.
[9] *Id.* at 2.
[10] *Id.*
[11] *Id.*

Magistrate Judge concluded that Mr. Gunn had not demonstrated an inability to pay the filing fee.[12]

No objections were filed, and therefore, the Report and Recommendation is reviewed for clear error. The magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendation.

## ORDER

For the reasons stated above, the court:

1. ADOPTS the Report and Recommendation.[13]

2. DENIES Plaintiff's Motion for Leave to Proceed In Forma Pauperis.[14]

3. ORDERS that Mr. Gunn has thirty days to pay the filing fee.[15] If Mr. Gunn fails to pay the filing fee, his case will be dismissed without prejudice.

Signed January 6, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[12] *Id.*
[13] ECF No. 6.
[14] Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2, filed September 23, 2025.
[15] *See* DUCivR 3-2(a)(1)(D).